IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


JAMES SCOTT WILLIAMS II,

                    Plaintiff,

vs.                                    Case No. 19-3075-SAC

CORRECT CARE SOLUTIONS,
JOHNSON COUNTY SHERIFF'S OFFICE and
ARAMARK,

                    Defendants.


**O R D E R**

This case is before the court to screen plaintiff's pro se complaint pursuant to 28 U.S.C. § 1915A.

I. Pro se standards

"A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). A pro se litigant, however, is not relieved from following the same rules of procedure as any other litigant. See Green v. Dorrell, 969 F.2d 915, 917 (10th Cir. 1992), cert. denied, 507 U.S. 940 (1993). A district court should not "assume the role of advocate for the pro se litigant." Hall, supra. Nor is the court to "supply additional factual allegations to round out a plaintiff's complaint." Whitney v. State of New Mexico, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

II. <u>Screening standards</u>

Title 28 United State Code Section 1915A requires the court to review cases filed by prisoners seeking redress from a governmental entity or employee to determine whether the complaint is frivolous, malicious or fails to state a claim upon which relief may be granted. When deciding whether plaintiff's complaint "fails to state a claim upon which relief may be granted," the court must determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009)(quoting <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007)).

> The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

<u>Id.</u> A plausibility analysis is a context-specific task depending on a host of considerations, including judicial experience, common sense and the strength of competing explanations for the defendant's conduct. See <u>id.</u> at 679; <u>Twombly</u>, 550 U.S. at 567.

The court accepts the plaintiff's well-pled factual allegations as true and views them in the light most favorable to the plaintiff. <u>United States v. Smith</u>, 561 F.3d 1090, 1098 (10th Cir. 2009). The court, however, is not required to accept legal

conclusions alleged in the complaint as true. <u>Iqbal</u>, 556 U.S. at 678.

III. <u>The complaint</u>

Plaintiff brings this action pursuant to 42 U.S.C. § 1983. He alleges that he is an inmate at the Johnson County Adult Detention Center. While his allegations are somewhat unclear, plaintiff appears to claim that in early January 2019 he suffered weight loss and emotional distress when for a seven-day period when his prison meals were served without accounting for plaintiff's beans/legumes allergy. Plaintiff alleges that he fainted on January 7, 2019. He appears to attribute this episode to his food allergy, although his medical providers disagreed.

Plaintiff further contends that for a period of 20 meals from February 20, 2019 until February 26, 2019, the medical staff placed plaintiff on a regular diet tray when, previously, he had been on a kosher/religious tray. Plaintiff asserts that on March 8, 2019, an officer made an anti-Jewish remark to plaintiff.

Plaintiff also alleges that he was denied a Passover meal on April 23, 2019. He was told that he had failed to request a Passover meal by the April 18, 2019 deadline. Plaintiff claims he was not told of the deadline in advance and that another inmate received a Passover meal when he placed his request on April 19, 2019.

## IV. Section 1983 requirements

Under 42 U.S.C. § 1983, a person acting under color of state law is liable if he "subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution and [federal] laws." Negligence is not a basis for liability under § 1983; liability must be predicated upon a deliberate deprivation of constitutional rights. Darr v. Town of Telluride, Colo., 495 F.3d 1243, 1257 (10th Cir. 2007).

## V. Johnson County Sheriff's Office is not a suable entity.

Plaintiff's claims against the Johnson County Sheriff's Office must be dismissed because under Kansas law the Johnson County Sheriff's Office is a governmental subunit and not an entity which may sue or be sued. See K.S.A. 19-105 (all suits by or against a county shall be brought by or against the board of county commissioners). The Tenth Circuit and this court have held this way in other cases. See Brown v. Sedgwick County Sheriff's Office, 513 Fed.Appx. 706, 707-08 (10th Cir. 3/12/2013)(affirming dismissal of a § 1983 claim against a Kansas county sheriff's office because it is not an entity which may be sued); Mays v. Wyandotte County Sheriff's Department, 2016 WL 81228 *1 (D.Kan. 1/7/2016)(dismissing claim against Wyandotte County Sheriff's Office); Wright v. Wyandotte County Sheriff's Dept., 963 F.Supp. 1029, 1034 (D.Kan. 1997)(same).

4

VI. <u>Correct Care Solutions and Aramark</u>

Under some circumstances, corporations like Correct Care Solutions (CCS) and Aramark may be considered as persons acting under color of state law for purposes of § 1983. But, they may not be held liable based upon respondeat superior – that is, solely because they employ a person who violated the Constitution. See <u>Rascon v. Douglas</u>, 718 Fed.Appx. 587, 589–90 (10th Cir. 2017); <u>Spurlock v. Townes</u>, 661 Fed.Appx. 536, 545 (10th Cir. 2016); <u>Green v Denning</u>, 465 Fed.Appx. 804, 806 (10th Cir. 3/9/2012); <u>Baker v. Simmons</u>, 65 Fed.Appx. 231, 234 (10th Cir. 2003); <u>Jefferson v. Aramark Corr. Servs.</u>, 2017 WL 6557419 *2 (D.Kan. 12/22/2017); <u>Livingston v. Correct Care Solutions</u>, 2008 WL 1808340 *1-2 (D.Kan. 4/17/2008). Plaintiff must allege facts showing a policy or a custom of CCS or Aramark that caused his injury. <u>Spurlock</u>, <u>supra</u>; <u>Green</u>, <u>supra</u>. Plaintiff has failed to allege such facts. Therefore, his claims against CCS and Aramark are subject to dismissal for failure to state a claim.

In addition, plaintiff fails to state a medical care claim which may be brought under § 1983. Whether plaintiff is a pretrial detainee or a prisoner serving a sentence, the standard is the same for the denial of medical care in violation of the Constitution. <u>Ledbetter v. City of Topeka</u>, 318 F.3d 1183, 1188 (10th Cir. 2003). A plaintiff must show deliberate indifference to serious medical needs. <u>Estelle v. Gamble</u>, 429 U.S. 97, 104

(1976).  The Tenth Circuit has held that an inadvertent failure to provide adequate medical care is not enough to state a valid claim of medical mistreatment under the Constitution; nor is a complaint that a medical provider has been negligent in diagnosing or treating a medical condition.  Self v. Crum, 439 F.3d 1227, 1230 (10th Cir. 2006)(quoting Estelle).  Objectively, the acts or omissions must be sufficiently serious to create a deprivation of constitutional dimension.  Id.  Subjectively the alleged provider must know of and disregard an excessive risk to an inmate's health or safety.  Id. at 1231.

Here, plaintiff alleges that the medical providers did not attribute his fainting to an allergic reaction.  Plaintiff disagrees.  This type of disagreement regarding treatment and diagnosis does not supply the grounds for a constitutional violation.  Id. at 1234-35 (citing cases supporting a holding that a mere misdiagnosis does not demonstrate constitutionally deficient medical care).

VII. Negligence does not suffice to state a § 1983 claim.

The court has already noted that negligence alone is an insufficient basis for a § 1983 claim.  See also, Gallagher v. Shelton, 2009 WL 902397 *6 (D.Kan. 3/31/2009); Raiford v. Wallens Ridge State Prison, 2006 WL 2350162 *2 (D.Kan. 8/11/2006).  Here, plaintiff alleges that he was not informed of a deadline for registering to receive a Passover meal and, therefore, was denied

a Passover meal or meals.  Plaintiff does not allege facts showing that the failure to inform plaintiff of the deadline was something more than negligence.

VIII. <u>Conclusion</u>

For the above-stated reasons, plaintiff's complaint fails to state a claim for relief against the defendants he has named. Plaintiff is given time until May 30, 2019 either to show cause why this action should not be dismissed or to file a complete and proper amended complaint to cure the deficiencies discussed in this order.  If plaintiff fails to show cause or file a proper amended complaint, this action shall be dismissed.

**IT IS SO ORDERED.**

Dated this 7th day of May, 2019, at Topeka, Kansas.


s/Sam A. Crow _____
Sam A. Crow, U.S. District Senior Judge